IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| JEFFREY DEAN INGRAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 5:22-CV-06043-WJE |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Jeffrey Dean Ingram seeks judicial review[1] of a final administrative decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401-434. Administrative Law Judge Scot Gulick ("ALJ") found that although Mr. Ingram had several severe and non-severe impairments, he retained the residual functional capacity ("RFC") to perform a full range of work with some limitations. After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. Therefore, the Acting Commissioner's decision is AFFIRMED.

### I. Background

Mr. Ingram protectively filed a claim for DIB on May 27, 2019. (AR 27). He alleged a disability onset date of April 1, 2019, due to diabetes, kidney disease, a thyroid disorder, arm problems, vision problems, Hashimoto's disease, and Dupuytren's contracture. (*Id*. 27, 257). His

---

[1] With the consent of the parties, this case was assigned to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c).

claim was initially denied on April 9, 2020. (*Id.* 27). He filed a written request for a hearing, which was held on June 1, 2021. (*Id.*).

On June 16, 2021, the ALJ denied Mr. Ingram's claim. (*Id.* 24). The ALJ determined that although Mr. Ingram had severe impairments, none of them met or exceeded a listed impairment. (*Id.* 29-32). He also determined that Mr. Ingram had an RFC to perform a full range of work with certain nonexertional limitations, including:

> [He needs to] avoid concentrated exposure to unprotected heights, moving mechanical parts, extreme heat, and vibration; and [he can] handle and finger items frequently, bilaterally.

(*Id.* 32). During the hearing on June 1, 2021, the ALJ asked a vocational expert ("VE") whether a hypothetical individual with Mr. Ingram's age, education, and work experience, along with the RFC identified above, would be capable of working. (*Id.* 38, 75). The VE testified that such an individual could perform work as an industrial cleaner, hospital cleaner, or counter supply worker. (*Id.* 38, 75-76).

Following the ALJ's decision, Mr. Ingram filed an appeal with the Appeals Council. (*Id.* 217-18). The Appeals Council denied his request for review, leaving the ALJ's decision as the final decision of the Acting Commissioner. (*Id.* 1-3). Because Mr. Ingram has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. § 405(g).

## II. Disability Determination and the Burden of Proof

The burden of establishing a disability as defined by the SSA in 42 U.S.C. § 423(d) rests on the claimant. *Kirby v. Astrue*, 500 F.3d 705, 707-08 (8th Cir. 2007). The SSA has established a five-step, sequential evaluation process for appraising whether a claimant is disabled and benefit-eligible. 20 C.F.R. § 404.1520; *see also Sloan v. Saul*, 933 F.3d 946, 949 (8th Cir. 2019). The Commissioner must evaluate:

(1) whether the claimant is presently engaged in a substantial gainful activity;
(2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;
(3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations;
(4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and
(5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003) (citation omitted); *see also Perks v. Astrue*, 687 F.3d 1086, 1091-92 (8th Cir. 2012) (citation omitted).

### III. Standard of Review

The Eighth Circuit requires the reviewing court to "determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006) (quotation omitted). "Substantial evidence is less than a preponderance [of the evidence]," in that it merely requires that a reasonable person find the evidence adequate to support the Commissioner's decision. *Id.* (quotation omitted); *see also Cox v. Barnhart*, 345 F.3d 606, 608 (8th Cir. 2003).

The reviewing court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

### IV. Discussion

Mr. Ingram raises one issue in his appeal before the Court. He argues the RFC decision is not supported by substantial evidence because: (1) the Appeals Council did not properly consider

additional evidence submitted after the hearing; (2) his daily activities are inconsistent with his RFC; and (3) the ALJ improperly considered his noncompliance with prescribed treatment. (*See* Doc. 10 at 17-21). The Acting Commissioner argues that the RFC decision is supported by substantial evidence because: (1) the additional evidence submitted after the hearing did not relate to the relevant period and would not change the ALJ's decision; (2) the record as a whole supports the RFC; and (3) the ALJ properly considered Mr. Ingram's periods of noncompliance. (*See* Doc. 11 at 4-9). The Court finds that substantial evidence supports the RFC decision.

"The Appeals Council 'shall consider . . . additional evidence only where it relates to the period on or before the date of the [ALJ] hearing decision.'" *Perks*, 687 F.3d at 1093 (quoting 20 C.F.R. § 404.970(b)). "When the Appeals Council has considered new and material evidence and declined review, [the Court] must decide whether the ALJ's decision is supported by substantial evidence in the whole record, including the new evidence." *Kitts v. Apfel*, 204 F.3d 785, 786 (8th Cir. 2000) (citing *Mackey v. Shalala*, 47 F.3d 951, 953 (8th Cir. 1995)).

Here, Mr. Ingram's additional evidence does not relate to the period on or before the date of the ALJ's decision, and even if it did, the RFC decision is still supported by substantial evidence. Mr. Ingram submitted the medical opinion of his treating physician, Dr. Michael Bryer-Ash, to the Appeals Council. (AR 2, 9-15). Dr. Bryer-Ash rendered his opinion on October 19, 2021, stating that his opinion applied to the period beginning on June 22, 2021—nearly a week after the ALJ issued his decision on June 16, 2021. (*Id.* 15, 24). Thus, Dr. Bryer-Ash's opinion does not relate to the period on or before the ALJ's decision. *See Perks*, 687 F.3d at 1093 (quoting 20 C.F.R. § 404.970(b)). Even if the Appeals Council had considered Dr. Bryer-Ash's opinion, the RFC decision is still supported by substantial evidence. Mr. Ingram argues that he would have been considered disabled based on Dr. Bryer-Ash's opinion that he could only stand or walk for four

hours in an eight-hour workday, limiting him to sedentary work. (Doc. 10 at 19; AR 9); *see also* 20 C.F.R. pt. 404, subpt. P, app. 2 § 201.06 (Table No. 1) (mandating that an individual is considered disabled when they are of an advanced age, have a high school education, previously performed skilled or semi-skilled work with no transferrable skills, and are limited to sedentary work). Dr. Bryer-Ash's opinion, however, does not necessarily limit Mr. Ingram to sedentary work. Individuals performing light work can mostly sit, occasionally pushing or pulling leg or arm controls, which is consistent with Mr. Ingram's ability to stand or walk for up to four hours in a workday. *See* 20 C.F.R. § 404.1567(b). Thus, the Appeals Council properly considered Dr. Bryer-Ash's opinion.

"The Commissioner must determine a claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013) (quoting *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). "Because symptoms sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, [the ALJ] will carefully consider any other information . . . about [the claimant's] symptoms[,] . . . [including his] daily activities." 20 C.F.R. § 404.1529(c)(3). The Eighth Circuit has held that a claimant is not disabled when the record indicated the claimant was generally able to care for himself, even if the ALJ overstated the frequency of the claimant's daily activities. *See Mouser v. Astrue*, 545 F.3d 634, 638 (8th Cir. 2008).

Here, the ALJ considered Mr. Ingram's daily activities, including preparing his own meals weekly, driving, shopping, and performing personal care, but concluded that Mr. Ingram was not disabled based on the record as a whole. (AR 32-36). This Court finds that even if the ALJ overstated the frequency of these activities, the record shows Mr. Ingram was generally able to

care for himself. (*Id.* 272-75). Thus, the ALJ properly considered Mr. Ingram's daily activities in evaluating his subjective complaints. *See Mouser*, 545 F.3d at 638.

Social Security Ruling ("SSR") 16-3p mandates that the ALJ "will not find an individual's symptoms inconsistent with the evidence in the record . . . without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints." 2017 WL 5180304, at *9 (Oct. 25, 2017).

This Court finds that the ALJ properly considered Mr. Ingram's treatment record. The ALJ did not discount Mr. Ingram's symptoms because he was noncompliant with his treatment regimen, but simply stated that Mr. Ingram's periods of noncompliance complicated his diabetes. (AR 33). Further, the ALJ noted reasons why he may have not complied, including that he had "difficulty obtaining blood samples." (*Id.*). Thus, the ALJ properly considered Mr. Ingram's periods of noncompliance. *See* SSR 16-3p, 2017 WL 5180304, at *9.

## V. Conclusion

For the reasons set forth herein, the Court finds that the Acting Commissioner's determination that Mr. Ingram was not disabled is supported by substantial evidence in the record. Judgment shall be entered in accordance with this Order.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Acting Commissioner is affirmed as set forth herein.

Dated this 28th day of November 2022, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge